990 F.2d 1377
 301 U.S.App.D.C. 107
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Anthony McKinley MORRIS, Appellant.
 No. 91-3295.
 United States Court of Appeals, District of Columbia Circuit.
 March 19, 1993.
 
 Before EDWARDS, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from the judgment of conviction was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Anthony McKinley Morris appeals his conviction for distributing five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii). The events giving rise to the conviction took place on March 7, 1991. Robert Valentine, a special agent with the Drug Enforcement Agency ("DEA"), drove to 417 Kennedy Street, N.E., with a confidential informant who goes by the name "Terrell." With Terrell's assistance, Valentine purchased one-half ounce of crack cocaine from Morris and a co-defendant, Stephon R. Lynch. The DEA obtained arrest warrants based on the purchase and arrested Morris and Lynch on April 22, 1991. Lynch pleaded guilty to distribution of cocaine base on August 30, 1991, and agreed to testify against Morris. Morris went to trial, and on September 13, 1991, a jury found him guilty of distribution of drugs. On appeal, Morris argues that the district court committed reversible error by refusing to suppress statements and physical evidence that were obtained when he was arrested and by giving improper instructions to the jury. We reject these arguments and affirm the conviction.
 
 
 5
 When the police arrested Morris at his home on April 22, 1991, Morris's father asked Morris "what was going on"? Morris replied that "he had not done anything but get crack from Stephon and give it to [Special Agent Valentine]." Morris argues that this statement should have been suppressed because it was obtained in violation of his fifth amendment privilege against self-incrimination. The district court correctly concluded, however, that the statement was a "spontaneous declaration" responding to a question by Morris's father. The fifth amendment does not prohibit the admission of spontaneous utterances. United States v. Samuels, 938 F.2d 210, 214 (D.C.Cir.1991).
 
 
 6
 Morris next objects to the district court's refusal to suppress a written statement he gave at the DEA Washington field office. Although Morris was given Miranda warnings at home and signed a written waiver at the field office, he contends his waiver was not voluntary and knowing because he did not understand the warnings. Morris was eighteen, in his last year of high school, and had no learning disabilities. Although at some points in the suppression hearing, Morris claimed not to understand the warnings, his answers at other points indicate that he did understand them. The district court reasonably rejected Morris's contradictory testimony on this point and concluded that his age and education left him in a position to make a voluntary and knowing waiver. See United States v. Yunis, 859 F.2d 953 (D.C.Cir.1991).
 
 
 7
 Morris also challenges the admission of a piece of cardboard containing Special Agent Valentine's beeper number that was taken from Morris's home, contending that this evidence should have been suppressed because the police did not have a search warrant to look for the cardboard. However, even if the piece of cardboard should have been suppressed, the admission of it was harmless error. In light of the other evidence, including the testimony of Stephon Lynch and Special Agent Valentine and Morris's own statement, the piece of cardboard could not have made a difference.
 
 
 8
 Morris also raises three objections to the district court's instructions to the jury. He first argues that the district court should have granted his request for a jury instruction on impeachment of Lynch because of Lynch's guilty plea in the instant case. Morris claims this ruling deprived him of the opportunity to refer to Lynch as a "convicted felon." It is unnecessary for us to determine whether a guilty plea is a prior conviction under Fed.R.Evid. 609(a)(1) because even if the instruction should have been given, the failure to do so was harmless error. See United States v. Merlos, No. 91-3213 (D.C.Cir. Feb. 4, 1993). Trial counsel was permitted to cross-examine Lynch extensively about his guilty plea and to challenge Lynch's credibility in his closing argument. While defense counsel could not call Lynch a "convicted felon," he was permitted to ask the jury "knowing all of these factors of someone who pled guilty to distributing crack cocaine, how believable of a person is he"?
 
 
 9
 We reject Morris's argument that the district court abused its discretion by declining to give a missing witness instruction regarding the police informant "Terrell." There were sound reasons to conclude that Terrell's absence did not create an inference of adverse testimony. See United States v. Norris, 873 F.2d 1519, 1522 (D.C.Cir.), cert. denied, 493 U.S. 835 (1989). Terrell's testimony would not have elucidated the drug transaction. Terrell was not a witness to the sale. The police directly observed the transaction. The government also had an interest in keeping Terrell's identity as an informant secret.
 
 
 10
 There is nothing to Morris's claim that the district court erred by instructing the jury on "aiding and abetting" even though Morris's co-defendant pleaded guilty. Morris had notice of the charge of aiding and abetting, which was included in the indictment, and his actions fit within the definition of "aiding and abetting." See United States v. Poston, 902 F.2d 90, 93 (D.C.Cir.1990).
 
 
 11
 Affirmed.